# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ZAVALA MOTTA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARGARETTE MIMS, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-01108 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff Jesus Zavala Motta ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 16, 2014.[1] He names Margarette Mims and the Fresno County Jail Medical Staff as Defendants.

**A.　SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate on July 24, 2014.

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Fresno County Jail where the events giving rise to this action took place.

Plaintiff alleges the following. On May 15, 19, 22, 25, 28 and 30, Plaintiff submitted medical request slips regarding his colostomy bag on his stomach. There was redness, irritation, and a discharge of clear mucus which caused the bag to leak and malfunction which in turn caused Plaintiff to get sick. Plaintiff's clothes and skin were contaminated and his eyes hurt as well. Plaintiff complains that he is suffering due to his medical condition.

## C.     DISCUSSION

1.     <u>Linkage</u>

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. <u>Iqbal</u>, 556 U.S. at 676-77; <u>Lemire v. California Dep't of Corr. and Rehab.</u>, 726 F.3d 1062, 1074-75 (9th Cir. 2013); <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

Here, Plaintiff fails to state how Defendant Margarette Mims participated in the violations at issue. In addition, Plaintiff may not name the entire Fresno County Jail medical staff as Defendants. Plaintiff must specifically state how each named Defendant personally acted to deprive him of his rights. Plaintiff will be provided an opportunity to file an amended complaint.

2.     <u>Medical Treatment</u>

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. <u>Morgan</u>, 465 F.3d at 1045 (citing <u>Rhodes</u>, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, <u>Morgan</u>, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial

3

risk of harm to their health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Here, Plaintiff's allegation that he was denied adequate medical care is too vague to state a claim.  Plaintiff states he made several medical requests; however, he fails to make a showing that any named Defendant acted with the requisite state of mind.

Plaintiff has therefore failed to state a deliberate indifference claim against any named Defendant.  Plaintiff will be granted an opportunity to file an amended complaint.

## D.    **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with an opportunity to file an amended complaint.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556

U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 9, 2015**                                 /s/ *Dennis L. Beck*
                                                                          UNITED STATES MAGISTRATE JUDGE